Common Pleas Court Hamilton County.

WILLIAM KUHNELL and AETNA CASUALTY & SURETY CO.
v. ARTHUR H. HARVIE and WILLIAM M. ANDERSON,
SHERIFF OF HAMILTON COUNTY, OHIO.

Decided September, 1929.

*Hunt, Bennett & Utter,* for plaintiffs.

*Philip* and *S. C. Roettinger,* for defendant Arthur H. Harvie.

*Nelson Schwab,* prosecuting attorney and *John P. Goldsberry,* assistant prosecuting attorney, for William M. Anderson, Sheriff of Hamilton County, Ohio.

BELL, J.

This is an action for an injunction. The plaintiffs seek to enjoin the defendant Arthur H. Harvie, as the judgment creditor, from attempting in any way to enforce the collection of the judgment against the plaintiffs and re-

straining the other defendant William M. Anderson, Sheriff of Hamilton County, from doing any act in his official capacity to enforce said judgment.

The petition alleges in substance that the defendant Arthur H. Harvie in June, 1928, recovered a judgment for $230.00 in an action wherein said Harvie was plaintiff and the plaintiffs herein were defendants, said case being No. A-5433 on the docket of this court.

It is further alleged that thereafter the said Harvie caused execution to be issued, which execution is now in the hands of the defendant William M. Anderson, Sheriff of Hamilton County; that the said Harvie in June, 1928, recovered a judgment against John Ballbach in the sum of $250.00, said proceeding being No. A-5434 on the docket of this court; that the judgment rendered in the *Ballbach case* was for the same subject matter and cause of action as the cause of action in the petition of the said Harvie against the plaintiffs in this action; that said Ballbach has paid in full the judgment and costs in the action against him; that by reason of the fact that the said Harvie has been paid in full the judgment in the *Ballbach case,* he has no legal right to attempt to collect the judgment rendered in his favor and against the plaintiffs in this case; that the plaintiffs in this case have no adequate remedy at law.

To this petition the defendant Harvie has filed a general demurrer upon the ground that the petition does not set forth facts sufficient to constitute a cause of action.

The defendant Anderson has filed an answer setting forth that in his official capacity he is in possession of an execution in a case wherein Harvie was plaintiff and William Kuhnell and the Aetna Casualty & Surety Company were defendants; that no property has been levied upon and that the sheriff will hold said execution in abeyance until further order of the court.

The question for decision is upon the demurrer of the defendant Harvie to the plaintiffs' petition. Oral argument has been had and numerous briefs filed by the parties. The defendant Harvie makes three claims:

First, that under the laws of Ohio by virtue of Sections 8081 to 8084, General Code, his right is established to proceed in the collection of the judgment against the plaintiffs.

Second, that the satisfaction in full of one judgment by one of more than one joint tortfeasor is not a satisfaction as to all.

Third, that the two cases referred to in plaintiffs' petition are not upon the same cause of action and therefore the payment of one judgment does not extinguish the obligation as to all joint tortfeasors.

Considering the first claim with reference to these statutes:

The statutes referred to are found in that chapter of the General Code with reference to partnerships and have to do with compromises and compositions of individual members of a partnership, and in the opinion of the court have no bearing upon the question here presented.

The court is not confronted with the question of the effect of a compromise, but the court is concerned with the question of whether or not when separate judgments have been obtained in separate actions against joint tortfeasors, the satisfaction in full of one judgment precludes the injured party from further proceeding in an attempt to enforce the other judgment.

Before discussing the second claim made by the defendant Harvie the court will consider and dispose of his third claim.

The third claim is that the cause of action against the plaintiff in this case was not the same cause of action as in the action wherein Harvie was plaintiff and John Ballbach and the Aetna Casualty and Surety Company was defendants.

It is an elementary proposition of law that a demurrer admits the truth of all of the material allegations in the pleading against which it is directed. In the petition in this case it is alleged *"said plaintiffs aver that said judgment so rendered was for the same subject matter and cause of action as the cause of action in the petition of the defendant Harvie against the plaintiffs herein."*

This demurrer admits for the purpose of this decision that these judgments were rendered for the same subject matter and on the same cause of action, and therefore this argument of the defendant Harvie on the demurrer cannot be sustained.

This brings us to a consideration of the second proposition. The general rule with reference to joint tortfeasors may be briefly stated as follows:

The injured party may sue one, any or all of the joint tortfeasors. Separate actions may be brought either simultaneously or successively. Judgment may be recovered in each and plaintiff may elect which judgment he will enforce, but the satisfaction of one of the judgments will operate as a satisfaction of all. Unless it be true, as claimed by the defendant Harvie that this general rule does not apply in Ohio, then his demurrer must be overruled.

In his argument and brief counsel for Harvey cites several decisions of Nisi Prius courts which he claims support his contention, but the court is of the opinion that this question has been settled by the Supreme Court of Ohio and that the opinion of no other court in this state is an authority if in conflict with the law as settled by the Supreme Court. After considering the decisions of the Supreme Court it is my view that the general rule heretofore stated is applicable in this state and that it is the law of Ohio that where separate actions are brought against joint tortfeasors and separate judgments have been obtained, the satisfaction in full of one of the judgments is a satisfaction as to all.

*The demurrer will be overruled.*